JABEZ FEAREY

*v.*

CAROLINE E. HAYES and JAMES HAYES.

A court of equity will grant leave to amend a bill, at almost any time, when the amendment is necessary in order that the real matter in controversy may be fairly tried and justly decided.

---

On application for leave to amend bill.

*Mr. Frederic Adams,* for the motion.

*Mr. Samuel H. Pennington, contra.*

VAN FLEET, V. C.

This is a suit for specific performance. To the case made by the bill, the defendants filed a plea and also an answer in support of their plea. The complainant joined issue on the plea. In this condition of the pleadings, the complainant asks leave to amend his bill. The paper set out in his bill, and which he insists is a contract for the sale of land, describes the land in question as belonging to James Hayes. The land in fact belongs to Caroline Hayes. About that there is no dispute. So that under his bill, as at present framed, the complainant is seeking to compel Caroline E. Hayes to convey land to him which, in the contract he is asking to have specifically enforced, is described as belonging, not to her, but to another person. The complainant asks to be permitted to amend, by alleging that the contract set out in his bill does not express the real agreement of the parties, averring what the real agreement was, and praying that the contract may be reformed, and after it is reformed, that it may be specifically enforced.

It is plain that, unless the bill is so changed as to ask for a reformation of the contract, the issue meant to be presented by the pleadings will be incapable of trial. The issue now presented is, whether Caroline E. Hayes shall be required, by judicial decree, to make a conveyance to the complainant, not of her own land, but of land belonging to another person. No such decree could, I think it may be safely affirmed, be made in any case where it appeared the purchaser knew, at the time he made his contract, that he was taking a contract from one person for the conveyance of land belonging to another. It is apparent that the real matter in dispute between the parties is not fully presented by the bill. The question the complainant wants tried is, whether Caroline E. Hayes made such a contract with him, for the sale of the land in question, as entitles him, in equity, to a conveyance. It is clear, in order to try the real matter in dispute, the bill must be amended.

Courts of equity have always exercised a very liberal discretion in allowing pleadings to be amended. In deciding whether leave shall be granted to amend a bill or not, they disregard

mere matters of form, and simply consider whether the amendment is necessary or not to reach the real and substantial merits of the case. The duty of the court, in such cases, is to see to it that the pleadings are put in such form that the real matter in controversy may be fairly tried and justly decided. Cooper, in his treatise on Equity Pleading, states the rule regulating the amendment of bills as follows : " If the plaintiff, after he has filed his bill, finds that he has omitted to state any matter * * * which he ought to have stated, he may supply such defect by amending his bill. Or, if after the defendant has put in his answer, the plaintiff thereby obtains new lights as to the circumstances of his case, he may amend his bill in order to shape his case accordingly. And, in general, any imperfection in the frame of a bill may be remedied as often as occasion shall require." *Cooper's Eq. Pl. 332.* Judge Story states the rule in the same words. *Story's Eq. Pl.* § *885. Lanning* v. *Heath, 10 C. E. Gr. 425,* is a precedent directly in point. That was a suit for specific performance, and an amendment, substantially like the one now asked for, was allowed.

The complainant will be allowed to amend, on condition, however, that he pays the taxed costs of the defendants up to this time. The pleadings on file should remain there. The complainant must file an amended bill, and the case will thereafter proceed on the amended bill.